IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 03-259 |
| ) | See Civil Action No. 05-980 |
| TAYLIN COOPER, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 29th day of January, 2008, upon consideration of Petitioner Taylin Cooper's pro se "Motion for Relief from Judgment under Federal Civil Rule 60(b)(6)" (document No. 170) and brief in support thereof (document No. 171) filed in the above-captioned matter on January 9, 2008, and upon further consideration of the Government's Response thereto (document No. 172) filed on January 20, 2008,

IT IS HEREBY ORDERED that Petitioner's Motion is DISMISSED with prejudice.

On June 9, 2004, Petitioner pled guilty to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. On September 2, 2004, this Court sentenced Petitioner to a term of imprisonment of 262 months and a term of supervised release of 10 years. Petitioner did not appeal his conviction or sentence. On July 15, 2005, however, Petitioner,

1

acting pro se, filed a "Motion to Vacate Sentence under 28 U.S.C. Section 2255" and brief in support thereof (document No. 126). On January 3, 2007, the Court denied Petitioner's Section 2255 motion (document Nos. 162, 163). Petitioner appealed, and on July 17, 2007, the Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability (document No. 169). Petitioner now has filed the present motion seeking a modification of his sentence under Federal Rule of Civil Procedure 60(b)(6).

Civil Rule 60(b) is an inappropriate vehicle to vacate a criminal sentence. See United States v. Mortimer, 2007 WL 4285364 (3d Cir. Dec. 7, 2007); United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st Cir. 2003). However, Petitioner has filed a Section 2255 motion in this case. A Rule 60(b) motion may be adjudicated on its merits when the factual predicate of the motion attacks the manner in which an earlier Section 2255 judgment was procured rather than the underlying sentence or conviction. See United States v. Enigwe, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (citing Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004)).

Here, however, Petitioner's motion does not in any way attack the manner in which his earlier Section 2255 motion was adjudicated, but rather seeks to have his sentence reduced in his underlying criminal case. Although he requests the Court to "reopen Petitioner's 2255 proceeding," the relief he actually seeks is to

2

have the sentence imposed in his criminal case reduced in the same manner as his co-defendant's sentence was reduced. As such, his motion is not actually one under Rule 60(b)(6), but rather under Section 2255. See United States v. Tyler, 207 Fed. Appx. 173, 177 (3d Cir. 2006); Enigew, 142 Fed. Appx. at 643.[1]

Accordingly, the Court shall construe Petitioner's motion as one under Section 2255. As such, it must be dismissed, because this is a second or successive motion pursuant to Section 2255. As discussed, Petitioner filed a pro se motion under Section 2255 (document No. 126) in this case on July 15, 2005. As stated, this motion was denied, and the Third Circuit denied Petitioner's request for a certificate of appealability.

18 U.S.C. § 2255 clearly states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

---

[1] In any event, even if the Court were to treat Petitioner's motion as one under Rule 60(b)(6), it would deny the motion. First, Rule 60(b) motions cannot be employed as a substitute for a direct appeal, and a court cannot grant relief under Rule 60(b)(6) if the party could have reasonably sought the same relief by means of an appeal. See Nunez v. Temple Professional Associates, 245 Fed. Appx. 144, 148 (3d Cir. 2007). Here, Petitioner did appeal this Court's denial of his Section 2255 motion, and the Third Circuit denied his request for a certificate of appealability. This Court cannot now grant the relief that the Third Circuit declined to grant. Moreover, even if the Court were to consider the merits of Petitioner's argument, it would deny his motion, as the issuance of a non-binding case not directly on point in no way constitutes extraordinary circumstances.

3

reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not obtained the requisite certification from the Third Circuit Court of Appeals. As such, this Court lacks jurisdiction to consider Petitioner's present motion, and his motion is therefore dismissed.

                                          s/Alan N. Bloch
                                          United States District Judge

ecf:     Counsel of record

cc:      Taylin Cooper, #07923-068
          USP Allenwood
          P.O. Box 3000
          White Deer, PA 17887