IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 03-259-2 |
| | ) |
| TAYLIN COOPER, | ) |
| | ) |
| Defendant | ) |

O R D E R

AND NOW, this 10th day of January, 2020, upon consideration of Defendant Taylin Cooper's pro se Motion for bad faith plea agreement pursuant to Rule 35(a) (Doc. No. 242), filed in the above captioned matter on April 11, 2019, and in further consideration of the Government's response thereto (Doc. No. 245), filed on May 15, 2019, and Defendant's reply (Doc. No. 246), filed on June 18, 2019,

IT IS HEREBY ORDERED that said Motion is DISMISSED for lack of jurisdiction.

This is the fourth time Defendant has attempted to challenge his conviction and sentence collaterally, each time relying on a different procedural ground. The Court previously denied Defendant's motions filed under 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), and, most recently, on undefined grounds. It will do likewise in regard to his current attempt to challenge his prior conviction and sentence pursuant to Federal Rule of Criminal Procedure 35(a).

As this Court previously explained to Defendant, in its June 14, 2018 Order denying his most recent prior attempt to ask the Court to amend his sentence, a district court's authority to modify a sentence in a criminal case that has become final is very limited. See United States v.

1

Ponton, 407 Fed. Appx. 622, 624 (3d Cir. 2011); United States v. Russell, 573 Fed. Appx. 153, 154 (3d Cir. 2014). The Court, in the June 14, 2018 Order, mentioned as one of the limited exceptions to this rule a motion under Federal Rule of Criminal Procedure 35(a). Defendant's new motion specifically invokes that exception and asserts that this Court has the authority to modify his sentence pursuant to Rule 35(a). While Rule 35(a), can, as the Court mentioned, provide authority to a court to correct a criminal sentence, such authority only exists if the Court acts within the requisite time limit. Defendant, in his motion, seems to rely on an older version of Rule 35(a) that did, in fact, permit a court to correct an illegal sentence at any time. However, the rule has been amended several times since then, and the former version of the rule that contained no time limit applies only to convictions based on conduct that occurred prior to November 1, 1987. The current version, in contrast, provides that the sentencing court may only correct a defendant's sentence pursuant to Rule 35(a) within 14 days of sentencing. See Fed. R. Crim. P. 35(a). This 14-day period is jurisdictional, "'such that a district court lacks authority to act under the Rule outside this period.'" United States v. James, 639 Fed. Appx. 834, 836 (3d Cir. 2016) (quoting United States v. Miller, 594 F.3d 172, 182 (3d Cir. 2010)).

Defendant pled guilty on June 9, 2004, to one count of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, *from on or around August 11, 2003, through October 28, 2003*. Since the offense conduct for which he was convicted and sentenced happened in 2003, former Rule 35(a) does not apply, and Defendant's motion is therefore subject to the 14-day time limit, a period that has clearly passed. Defendant's only real attempt to get around this time limit is to assert, without citation, that any argument that his motion is subject to a limitation period is frivolous in light of the contents of the

rule as a whole. As explained above, he is incorrect. He also appears to attempt to rely on a criminal procedural rule from the District of Columbia which has no application in this Court. As such, there is no basis for the Court to grant Defendant's requested relief and his motion must be dismissed.[1]

                                                                                  s/Alan N. Bloch
                                                                                  United States District Judge

ecf:         Counsel of record

cc:          Taylin Cooper, Reg. No. 07923-068
                FCI Fort Dix
                Federal Correctional Institution
                P.O. Box 2000
                Joint Base MDL, NJ 08640

---

[1] As the Court discussed above, Defendant has attempted to challenge his sentence by way of numerous procedural vehicles, including Section 2255, which the Court has denied, and as such there is no basis for re-characterizing the present motion as some other kind of collateral attack. The Court further notes that, while it does not reach the merits of Defendant's motion, if it did, it would almost certainly find that his guilty plea complied with the requirements of Federal Rule of Criminal Procedure 11.